# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1328V
Filed: September 30, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| DONALD MISCH, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Diana Stadelnikas, Esq.*, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
*Ryan Pyles, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 12, 2016, Donald Misch ("Mr. Misch," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed transverse myelitis ("TM") as a result of receiving measles-mumps-rubella ("MMR") vaccinations on February 19, 2015 and March 25, 2015. Petition ("Pet."), ECF No. 1. On August 27, 2019, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulations. Decision, ECF No. 43.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 24, 2019, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 48. Petitioner requests attorneys' fees in the amount of $31,729.90 and attorneys' costs in the amount of $15,755.98, for a total amount of $47,485.88. *Id*. at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id*. at 2.

On September 24, 2019, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 49. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

On September 26, 2019, petitioner filed a supplemental cost invoice and a reply to respondent's response. *See* Pet. Ex. 49, ECF No. 50; Reply, ECF No. 51.

This matter is now ripe for decision.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.      Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d

at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

For the work of his attorney, Ms. Diana Stadelnikas, petitioner requests $359.00 for work performed in 2016, $372.00 for work performed in 2017, $396.00 for work performed in 2018, and $415.00 for work performed in 2019. Pet. Ex. 44 at 14. Petitioner also requests paralegal rates ranging from $95.00 per hour to $154.00 per hour depending on the paralegal and the year. *Id*. These rates are consistent with what the undersigned and other special masters have previously compensated Ms. Stadelnikas and MCT paralegals. *See, e.g., Colapietro v. Sec'y of Health & Human Servs.*, No. 17-785V, 2019 WL 4415741 at *2 (Fed. Cl. Spec. Mstr. Aug. 13, 2019) (Awarding Ms. Stadelnikas an hourly rate of $372.00 for work performed in 2017); *Feight v. Sec'y of Health & Human Servs.*, No. 17-1292V, 2019 WL 3239278, at *2 (Fed. Cl. Spec. Mstr. June 13, 2019) (Awarding Ms. Stadelnikas hourly rates of $396.00 for work performed in 2018 and $415.00 for work performed in 2019 and paralegal rates ranging from $145.00 to $154.00). Accordingly, the undersigned finds these rates to be reasonable.

## B.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Sept. 26, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited Sept. 26, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule %202018.pdf (last visited Sept. 26, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2019*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule %202019.pdf (last visited Sept. 26, 2019).

434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds that the number of hours billed on this matter (106) appears to be reasonable. Accordingly, no reduction is necessary, and $31,729.90 is awarded in attorneys' fees.

## C.    Reasonable Costs

Petitioner requested a total of $15,755.98 in attorneys' costs. Motion for Fees, ECF No. 48. The requested costs consist of $14,800.00 in expert fees, $408.71 in costs associated with obtaining medical records, the $400.00 filing fee, $76.53 in shipping and mailing costs, $64.94 in medical literature costs, and $5.80 in research costs. Pet. Ex. 45 at 1-2. A review of the receipts submitted indicates that $6.73 in costs associated with obtaining medical records and $35.72 in shipping costs were not adequately documented. *See generally* Pet. Ex. 45, 49. Otherwise, the requested costs appear to be reasonable. Accordingly, petitioner's costs are reduced by $42.45 from $15,755.98 to $15,713.53.

## III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $47,443.43**,[4] representing reimbursement for attorneys' fees in the amount of $31,729.90 and costs in the amount of $15,713.53, in the form of a check made payable jointly to petitioner and petitioner's counsel,

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

Diana Stadelnikas, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.